**Brandon Scott LAVERGNE,
Plaintiff–Appellant**

v.

**Mike HARSON;  Office of 15th J.D.C.
District Attorney, Defendants–
Appellees.**

**No. 14–30224
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2014.

Brandon Scott Lavergne, Angola, LA, pro se.

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM: *

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against Mike Harson, the District Attorney for the Fifteenth Judicial District, and the Office of the District Attorney for the Fifteenth Judicial District. The district court dismissed the complaint as barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and, alternatively, for failure to state a claim because District Attorney Harson was entitled to absolute prosecutorial immunity and the District Attorney's

---

Office was not an entity capable of being sued under 42 U.S.C. § 1983. Additionally, the district court dismissed Lavergne's claims he asserted under Louisiana state law without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir.1998).

Lavergne's motion for leave to file a supplemental brief is GRANTED. In his briefs, Lavernge contends that his claims for libel, slander, malicious prosecution, release of false information and statements, and return of personal belongings are not grounds to overturn his convictions and, therefore, that *Heck* does not apply. We disagree. Lavergne's claims arise out of the appellees' prosecutions of him for murder. If the district court were to award him damages as to any of these claims, it would implicitly call into question the validity of his convictions. *See Heck*, 512 U.S. at 487, 114 S.Ct. 2364; *Penley v. Collin County, Tex.*, 446 F.3d 572, 573 (5th Cir.2006). In this same vein, the district court did not abuse its discretion in denying his motions to amend his complaint because the amendments were futile in light of the *Heck* bar. *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir.2013). The district court did not err in dismissing Lavergne's *Heck*-barred claims with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996).

Finally, to the extent Lavergne raises new claims on appeal, we do not address them. *See Williams v. Ballard*, 466 F.3d

330, 335 (5th Cir.2006). His motion to appoint counsel is DENIED.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.